UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE:                                              :
                                                    :
MARC G. BEAUDOIN,                                   :
                                                    :
        Debtor.                                     :
----------------------------------------------------:
                                                    :   CIVIL ACTION
CADLEROCK JOINT VENTURE II, L.P.                    :   NO. 3:08CV338 (MRK)
and JOHN J. O'NEIL, TRUSTEE,                        :
                                                    :
        Plaintiffs,                                 :
v.                                                  :
                                                    :
MARC G. BEAUDOIN and                                :
LORETTA I. BEAUDOIN,                                :
                                                    :
        Defendants.                                 :

## RULING AND ORDER

Pending before the Court is the second appeal by CadleRock Joint Venture II, L.P. ("CadleRock") from the Bankruptcy Court's (Krechevsky, J.) decision granting judgment to Marc and Loretta Beaudoin on CadleRock's five-count complaint and granting Marc Beaudoin a discharge from bankruptcy pursuant to Bankruptcy Code § 727. *See CadleRock v. Beaudoin* (*In re Beaudoin*), No. 03-2018 (Bankr. D. Conn. Feb. 4, 2008) ("*Beaudoin II*"). Upon review of Judge Krechevsky's comprehensive decision, and the arguments of CadleRock and Mr. and Ms. Beaudoin, the Court affirms the judgment of the Bankruptcy Court.

**I.**

The facts of this case and issues presented are recited in the previous decisions in this case, and they will not be repeated here. *See CadleRock v. Beaudoin* (*In re Beaudoin*), 380 B.R. 121 (D.

Conn. 2007) ("Remand Decision"); *CadleRock v. Beaudoin* (*In re Beaudoin*), No. 02-22859, 2007 WL 1020787 (Bankr. D. Conn. Mar. 30, 2007) ("*Beaudoin I*"); *Beaudoin II*.  Suffice it to say that following the filing of a Chapter 7 bankruptcy petition by Mr. Beaudoin, CadleRock (and John J. O'Neil, Jr., in his capacity as Chapter 7 Trustee), filed a five-count complaint against Mr. and Ms. Beaudoin, seeking to prevent Mr. Beaudoin from obtaining bankruptcy discharge pursuant to Bankruptcy Code §§ 727(a)(2)(A), 727(a)(2)(B), and 727(a)(4)(A), and requesting a finding of unjust enrichment against Ms. Beaudoin and imposition of a constructive trust regarding the "Corbin Avenue property."  In his first decision – *Beaudoin I* – Judge Krechevsky rendered judgment in favor of Mr. and Ms. Beaudoin on all of CadleRock's claims.  In doing so, he found that Mr. Beaudoin did not retain a beneficial interest in the Corbin Avenue property as required for a denial of discharge under §§ 727(a)(2)(A), 727(a)(2)(B), and 727(a)(4)(A) of the Bankruptcy Code.  Judge Krechevsky further found that Ms. Beaudoin was not unjustly enriched by the disputed transfer of the Corbin Avenue property to her because she had provided adequate consideration, and consequently, he refused to impose a constructive trust on that property.  On appeal, this Court vacated Judge Krechevsky's decision and remanded the case for clarification of certain statements made by Judge Krechevsky in his first decision and for additional findings of fact on several issues.  On February 4, 2008, the Bankruptcy Court issued its second decision, *Beaudoin II*, providing the requested clarifications and additional findings.  This appeal followed.

## II.

This Court described its standard of review in its Remand Decision.  A district court "reviews the bankruptcy court's conclusions of law *de novo* and its findings of fact under a clearly erroneous standard."  *D.A.N. Joint Venture v. Cacioli (In re Cacioli)*, 332 B.R. 514, 517 (D. Conn. 2005)

(citations omitted). "'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 168 (2d Cir. 2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). A finding of whether a debtor retained a secret interest under § 727 of the Bankruptcy Code is a factual determination, *see Rosen v. Bezner (In re Rosen)*, 996 F.2d 1527, 1532 (3d Cir. 1993), as is a finding of adequate consideration, *see Klein v. Tabatchnick*, 610 F.2d 1043, 1047 (2d Cir. 1979) ("Fairness of consideration is generally a question of fact.").

### III.

The first issue raised on appeal concerns Judge Krechevsky's response to the Court's request, in its Remand Decision, for clarification on the Bankruptcy Court's statements pertaining to whether Mr. Beaudoin retained a secret interest in the Corbin Avenue property. In its Remand Decision, this Court made the following observation:

> In the course of rejecting CadleRock's argument that Mr. Beaudoin had retained an interest in the Corbin Avenue property after the transfer of title to Ms. Beaudoin, the Bankruptcy Court made the following statement: "The facts and circumstances described by both the plaintiffs and the defendants do not support an *inference* that the debtor retained any property interest in assets which he concealed for the purpose of hindering, delaying, or defrauding creditors." *In re Beaudoin*, 2007 WL 1020787, at *6 (emphasis added). . . . It is unclear to this Court (and was unclear to counsel for each party at oral argument) whether the foregoing statement merely represents the Bankruptcy Court's overall assessment of and conclusion regarding all of the facts and circumstances of the case—that is, a factual finding—or instead whether it reflects the Bankruptcy Court's understanding of the relevant legal principles governing this case. Because of this lack of clarity, the Court believes that it is most appropriate to remand the case to the Bankruptcy Court for clarification.

Remand Decision at 125-26. After discussing the factors that might give rise to an inference, this Court went on to note that "whether a debtor retained a secret interest in a property is ultimately a

3

factual question to be decided based on the totality of circumstances. Therefore, any inference of a retained interest that may arise from certain facts—even if the inference is strong—is nonetheless rebuttable." *Id.* at 128 (citations omitted).

> On remand, Judge Krechevsky clarified that the above-quoted statement in his first decision
>
>> represents [the Bankruptcy Court's] finding of fact, i.e., its 'overall assessment of and conclusion regarding all of the facts and circumstances of the case,' and not a statement of legal principles. . . . While the factors indicated by CadleRock may, under certain circumstances, give rise to an inference of retained ownership, the debtor may rebut any such inference by providing a credible alternative explanation for his conduct. *The court, after considering all the evidence, both testimonial and documentary, presented at trial, is satisfied that the debtor's explanations, which the court finds both credible and reasonable, are sufficient to rebut any inference that the debtor retained an interest in the Corbin property.* Thus the court made a finding of fact that the debtor neither retained nor concealed any interest in the Corbin property following the Transfer.

*Beaudoin II* at 3-4 (emphasis added) (quoting Remand Decision at 125). Having reviewed the record on appeal as well as the Bankruptcy Judge's factual finding that Mr. Beaudoin successfully rebutted any inference that might attach from the circumstances surrounding the transfer, this Court finds no clear error. *See In re Rosen*, 996 F.2d at 1532; *Keeney v. Smith (In re Keeney)*, 227 F.3d 679 (6th Cir. 2000); *United States v. Edwards*, 572 F. Supp. 1527, 1535-36 (D. Conn. 1983). Consequently, the Court affirms the Bankruptcy Court's finding that "the debtor neither retained nor concealed any interest in the Corbin property . . . ." *Beaudoin II* at 4.

CadleRock's challenge to Judge Krechevsky's refusal to deny discharge under Bankruptcy Code § 727(a)(2)(A), § 727(a)(2)(B), as well as § 727(a)(4)(A), is resolved by the fact that retention of a beneficial interest is a requisite finding for denial of discharge and the Court has now affirmed Judge Krechevsky's finding that Mr. Beaudoin successfully rebutted any inference that he retained

such an interest.[1] Furthermore, in *Beaudoin II*, Judge Krechevsky also made additional findings of fact on whether Mr. Beaudoin had an "intent to hinder independent of any ruling on a retained interest," another element that CadleRock must establish to prevail under §§ 727(a)(2)(A) and (B). Specifically, the Bankruptcy Judge stated that "having considered all of the circumstances surrounding both the transfer and the debtor's subsequent use of the Corbin property, [the court] finds, as fact, that the debtor did not act with intent to hinder[,] delay, or defraud creditors. In making such findings, the court has considered the totality of the circumstances, including conduct that may be considered 'badges of fraud.'" *Beaudoin II* at 6 (footnote omitted). Upon review of the record and the Bankruptcy Judge's decision, *see id.* at 6-7, this Court is not "left with the definite and firm conviction that a mistake has been committed," *Zervos*, 252 F.3d at 168. Therefore, Judge Krechevsky's decision to grant discharge, notwithstanding CadleRock's §§ 727(a)(2)(A) and (B) challenges, is affirmed not only because Mr. Beaudoin did not retain a secret interest, but also because Mr. Beaudoin did not have the requisite intent to hinder.

The final issue to be addressed in this appeal relates to CadleRock's claims regarding unjust enrichment and constructive trust (which relied on the contentions underlying the unjust enrichment

---

[1] Section 727 provides in part:
(a) The court shall grant the debtor a discharge, unless--
. . .
(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--
    (A) property of the debtor, within one year before the date of the filing of the petition; or
    (B) property of the estate, after the date of the filing of the petition;
(4) the debtor knowingly and fraudulently, in or in connection with the case--
    (A) made a false oath or account . . . .

count). In its Remand Decision, this Court described Judge Krechevsky's findings regarding what constituted "adequate consideration" (the crux of the unjust enrichment analysis here), for the transfer of the Corbin Avenue property from Mr. Beaudoin to his wife, Ms. Beaudoin. *See* Remand Decision at 130. Noting that CadleRock bore a heavy burden of proof in disputing the Bankruptcy Judge's findings, this Court stated that,

> given that the Court is remanding for the Bankruptcy Court to clarify its opinion on a retained interest and that any such clarification may require *further findings* regarding the nature of the arrangement between Mr. and Ms. Beaudoin for payment of the mortgage on the Corbin Avenue property and the amount of that debt paid off by Mr. Beaudoin, the Court will exercise its discretion to return the unjust enrichment and constructive trust counts to the Bankruptcy Court as well.

*Id.* at 131 (emphasis added).

> In *Beaudoin II*, the Bankruptcy Court made those additional findings, as follows:
>
> With regard to the debtor's making post-transfer mortgage payments for the Corbin property, the court has found that the defendants, who had never had a joint checking account, shared the family expenses by writing checks from their individual accounts to pay various bills. Although a portion of the debtor's checks was applied toward principal repayment (at most $10,000 in total) on the Corbin mortgage, the court finds that the debtor received reasonably equivalent value in return from [Ms. Beaudoin's] payment of other expenses. The evidence indicated that each of the defendants contributed about the same amount toward the family's living expenses and that [Ms. Beaudoin] occasionally gave [Mr. Beaudoin] additional money from her own earnings from time to time as needed.

*Beaudoin II* at 8. Once again, considering the entire record and the findings of the Bankruptcy Judge in both *Beaudoin I* and *Beaudoin II*, the Court concludes that the Bankruptcy Judge did not clearly err in finding that Ms. Beaudoin provided adequate consideration for the Corbin Avenue property. *See, e.g.*, *In re Fruehauf Trailer Corp.*, 444 F.3d 203, 212-13 (3d Cir. 2006) (stating "reasonably equivalent value" is subject to "rough" measure). Accordingly, the Court affirms the Bankruptcy Court's ruling on CadleRock's unjust enrichment and constructive trust counts.

## IV.

This Court AFFIRMS the Bankruptcy Court's judgment following remand, rejecting CadleRock's five-count complaint against Mr. and Mrs. Beaudoin and granting discharge to Mr. Beuadoin. Accordingly, the Court's Order [doc. # 12] requiring Mr. and Ms. Beaudoin to inform any future creditors that CadleRock is appealing Judge Krechevsky's order discharging Mr. Beaudoin is dissolved.

**The Clerk is directed to enter judgment for Mr. and Ms. Beaudoin and against CadleRock and close this file.**

IT IS SO ORDERED.


/s/      Mark R. Kravitz
United States District Judge


**Dated at New Haven, Connecticut: May 29, 2008.**